**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Holmberg, | No. CV-25-02462-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| California Secretary of State, et al., | |
| Defendants. | |

On July 15, 2025, Plaintiff filed the complaint (Doc. 1) and an ex parte application for temporary restraining order ("TRO") without notice. (Doc. 4.) Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, the Court may issue a TRO without notice to the adverse parties "only if":

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As for the requirement in Rule 65(b)(1)(A), although Plaintiff's complaint includes a declaration under penalty of perjury that the allegations in the complaint are true and correct (Doc. 1 at 33), and although Plaintiff's TRO application contains a similar declaration (Doc. 4 at 11), neither document clearly shows that irreparable harm will result *before the adverse party can be heard in opposition*. Indeed, the complaint does not seek injunctive relief at all, and the TRO motion asserts the loss or impairment

of the parent-child bond as irreparable injury but acknowledges that "Plaintiff has not seen or spoken with [his] daughter in over 3 years." (*Id.* at 8.) The TRO motion also asserts that his daughter's health and safety is compromised while she is in his ex-wife's care, but no facts are alleged suggesting that the risk to his daughter's health and safety is any more acute now than it has been for the past three years. In other words, nothing in the TRO suggests that there is suddenly some urgency necessitating a hearing before notice can be given. Additionally, the TRO motion seeks to enjoin not only his ex-wife but also the State of California, Secretary of State's Office Safe at Home Program. The TRO motion does not explain why irreparable harm would result before notice is provided to either of these parties.

As for the requirement in Rule 65(b)(1)(B), Plaintiff (acting as his own attorney) has not certified in writing any efforts made to give notice and the reasons why it should not be required.

Accordingly,

**IT IS ORDERED** that Plaintiff's no-notice TRO application (Doc. 4) is **denied without prejudice**.

Dated this 16th day of July, 2025.

Dominic W. Lanza
United States District Judge